## HUDGINS vs. THE STATE.

[INDICTMENT FOR SELLING LIQUOR, &C., CONTRARY TO PROVISIONS OF SEC-
TION 2 OF ACT TO INCORPORATE FORT BROWDER MALE ACADEMY.]

1. *Corporation, cause of forfeiture against; can only be taken advantage of by direct proceeding.*—A cause of forfeiture can not be taken advantage of, or enforced against a corporation collaterally or incidentally, or in any other mode than by a direct proceeding for that purpose against the corporation.

2. *Same.*—On an indictment under section 2 of the act entitled "An act to incorporate the Fort Browder male academy, in Barbour county," approved February 8, 1858, for selling spirituous liquors or wines within half a mile of said academy, except for medical purposes, it can not be collaterally shown, as a defense, that the charter granted by said act has been forfeited by *non-user*, or otherwise.

3. *General license; what not defense to.*—Nor is a general license to retail spirituous liquors, &c., issued by the probate judge, any defense to such an indictment.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

Appellant was indicted and convicted at the fall term, 1870, of Coffee circuit court, under the provisions of section 2 of an act to incorporate the Fort Browder male academy, approved February 8, 1858, which makes it an indictable offense to sell liquors or wines within half a mile of said academy, except for medical purposes.

It was admitted that the appellant sold spirituous liquors to the person, and at the time and place, as charged in the indictment; but the defense set up was a general license from the probate judge of the county, taken out in pursuance of the revenue law, and that the Fort Browder male academy had forfeited its charter and franchises by *non-user.*

"It was admitted that the corporators named in the act had organized according to the provisions of the charter soon after its passage, and employed a teacher for one year, and since then have done nothing in respect to said

school; that teachers have been employed by the township trustees and other persons in the neighborhood; that for a considerable length of time there has been no school at Fort Browder; that for the last five years spirituous liquors have been sold within half a mile of the academy; that there has been no meeting of the trustees of said academy in ten years, and that during this time they have exercised no control whatever over said academy. It was further admitted that Wilson, one of the incorporators, had been engaged in business and selling spirituous liquors at Fort Browder for five years, under license from the probate judge, and at the time charged in the indictment defendant had taken out a license to sell spirituous liquors from the probate judge."

This was all the evidence in the case.

The appellant requested the following written charges:

"1. That the act incorporating the Fort Browder male academy created a private corporation.

"2. That private corporations may forfeit their franchises by *non-user*.

"3. That private corporations may be dissolved by the assent of the incorporators themselves, and that assent need not be by formal resolution or action on the part of the incorporators, but may be inferred from the facts of each case; and that in determining the question whether they had surrendered their corporate franchise or not, the jury may look at all the facts of the case."

The court gave these charges, and then refused to refer to the jury the question of the forfeiture of the franchise by *non-user* or otherwise, but charged them that the act to incorporate the Fort Browder male academy remained in force until repealed by the legislature or vacated by a judicial proceeding. The court, at the request of the State, further charged the jury, that if they believed the evidence, they must find the defendant guilty.

The defendant excepted to the refusal of the court to refer the question as to the dissolution of said incorporation to the jury, and to each of the charges given, and these rulings are now assigned as error.

SHORTER & BROTHER, for appellant.—Although the rule is different with municipal corporations, (24 Ala. 398,) *private* incorporations may be dissolved by the action of the incorporators themselves, either by a surrender of its privileges, or "by any act equivalent to such a surrender." They may also forfeit their franchise by *non-user.*—9 Ala. 738 ; 11 Ala. 472.

The evidence in the case clearly showed that the incorporation of the Fort Browder male academy had for many years been dissolved by the action of the incorporators. They had held no meeting for ten years. The people in and around the town of Fort Browder treated the incorporation as dissolved, and had been accustomed for many years to retail spirituous liquors in the town and within a half a mile of the school house, under license granted by the probate judge of Barbour county.

After giving all three of the charges asked by the defendant's counsel, the court in effect refused 'the charges, by declining to let the jury decide the question whether the charter or franchise had been forfeited by *non-user* or otherwise, or whether the incorporation had been dissolved by any act of the incorporators themselves. This was the only material question in the case, and it was a question of *fact* which the *jury* alone had the right to determine.

The act to incorporate the Fort Browder male academy created a private incorporation.—33 Ala. 106 ; 31 Ala. 552.

2. In the event that the forfeiture of the charter by *non-user* will not avail the defendant, and protect him from a prosecution in this instance, we present to this court the precise question decided in *Dorman v. The State,* 34 Ala. Private acts incorporating particular localities, and *prohibiting* the sale of whisky within a given territory, are as much unconstitutional as if they prohibited the sale of meat and bread. See the able argument of the attorney for the appellant in *Dorman v. The State, supra.*

ATTORNEY-GENERAL, *contra*—Contended that the forfeiture could only be taken advantage of by a direct judicial proceeding ; that therefore it was proper to withdraw the con-

sideration of this question from the jury; that the act incorporating the academy being still of force, the judge of probate had no lawful authority to grant a license to sell liquors within the limits prescribed by the charter, and that this being so, and defendant having admitted the facts charged in the indictment, it was proper to charge the jury that defendant was guilty if they believed the evidence. He further contended that the question settled in *Dorman v. The State*, 34 Ala. 218, had been acquiesced in for years, and came directly within the influence of the doctrine of *stare decisis*.

PECK, C. J.—The circuit court committed no error in refusing to refer to the jury the question of the forfeiture, by *non-user* or otherwise, of the charter and franchise granted by the act entitled "An act to incorporate the Fort Browder male academy, in Barbour county," approved February 8, 1858, Acts 1857–8, p. 85. That question could only be inquired into and determined in a direct proceeding instituted in the name of, and by the authority of, the State.

The franchise granted by said act could not be collaterally assailed on the trial of this indictment.—*The State v. Moore & Ligon*, 19 Ala. 514; Angell & Ames on Corporations, § 777.

2. Nor was there any error in the charge of the court, that said act would continue in force until repealed by the legislature, or until the charter thereby granted was vacated by a judicial proceeding instituted for that purpose.

3. As the defendant admitted that he sold spirituous liquors at the time, place, and to the person charged in the indictment, the court properly charged the jury, that if they believed the evidence, they must find the defendant guilty. The license issued by the probate judge was no defense for selling spirituous or vinous liquors within the limits specified in said act, except for medical purposes.

4. The constitutionality of special acts of the legislature prohibiting the sale of spirituous liquors, &c., within certain districts, or within a certain distance of places

named in such acts, except for medical purposes, &c., was settled by this court in the case of *Dorman v. The State*, 34 Ala. 216.

For myself, I do not approve of that decision, and think it would have been better if it had declared such acts unconstitutional; but that decision has been acquiesced in from that time to this, and we are not now disposed to disturb it.

Let the judgment be affirmed, at appellant's costs.