# Barnes v. The State.

*Indictment for retailing Spirituous Liquors.*

1. *Constitutionality of prohibitory liquor law.* — *Held*, on the authority of *Dorman* v. *The State* (34 Ala. 216), that the 4th section of the act incorporating the "Tallassee Manufacturing Company Number One," which prohibits the sale of spirituous liquors within four miles of the factory erected by said corporation (Sess. Acts 1851–2, pp. 262–3), is not violative of any constitutional provision, State or Federal.

[Barnes *v.* State.]

2. *County retail license not operative within special prohibited limits.* — A general license to retail spirituous liquors within the county does not authorize the sale of such liquors within the area covered by a special prohibitory law.

FROM the Circuit Court of Elmore.
Tried before the Hon. JAMES Q. SMITH.

PETERS, C. J. This is a prosecution by indictment for selling spirituous or intoxicating liquors within four miles of the factory of the Tallassee Manufacturing Company Number One, contrary to the Act of the General Assembly of the State of Alabama, entitled, "An Act to incorporate the Tallassee Manufacturing Company Number One." The defendant pleaded not guilty, and went to trial by a jury. The verdict was against him. He was convicted, and fined fifty dollars. From this judgment of conviction he appeals to this court, and here he insists, as error, that the statute under which he is convicted is unconstitutional and void.

That portion of the act upon which this prosecution is founded is set out in the indictment. It is in these words ; " Section 4. *Be it further enacted,* That if any person or persons shall sell ardent, spirituous, or intoxicating liquors, within four miles of the factory of said corporation, by the retail, or otherwise, such person or persons shall be subject to indictment in the Circuit Court of the county in which such selling or retailing was done, and be liable to all the pains and penalties then in force against retailing without license ; *Provided,* that nothing herein contained shall be so construed as to affect or relate to retail licenses, heretofore granted." Acts Ala. 1851, 1852, pp. 262, 263. A similar provision was inserted into the act incorporating " The Southern University of Greensboro." This was declared by this court to be constitutional. *Dorman* v. *The State,* 34 Ala. 216. Since then, this has been the settled law of the State. No brief or argument has been offered to the court, in the present case, showing a reason why this decision should be departed from or modified. It is, therefore, presumed that none exists.

2. The proofs show that the retailing charged in the indictment occurred within a half mile of the factory ; that the spirits sold was whiskey, and sold in the County of Elmore, within twelve months next before the finding of the indictment. It also appears that the defendant had license to retail and sell spirituous and intoxicating liquors in the county at the time said whiskey was sold. The quantity of whiskey sold was three drinks, and the price paid for it was thirty-three cents. Upon this evidence, the defendant was clearly guilty. The general license to retail in the county was no defence to the indictment. *Hudgins* v. *The State,* 46 Ala. 208.

The judgment of the court below is affirmed.